# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| REBECCA HERRIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNIVERSITY OF OKLAHOMA; | ) | |
| MICHAEL BEARDEN, in his individual | ) | |
| capacity, and MARY MARGARET HOLT, | ) | Case No. 25-CV-782-J |
| in her individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:    <u>Thursday, April 2, 2026, at 10:30 a.m.</u>

Appearing for Plaintiff:    Richard C. Labarthe, OBA No. 11393
Alexey V. Tarasov, OBA No. 32926
LABARTHE & TARASOV
12632 Val Verde Drive
Oklahoma City, OK 73142
Telephone: (405) 760-3323
Facsimile: (405) 843-9685
Email: richard@labarthelaw.com
Email: alexey@tarasovlaw.com

Appearing for Defendant:    Tina S. Ikpa, OBA No. 32193
Martin D. Weitman, OBA No. 17412
C.B. Moore, OBA No. 31653
Office of Legal Counsel
University of Oklahoma
660 Parrington Oval, Suite 213
Norman, OK 73109
Telephone: (405) 325-4124
Facsimile: (405) 325-7681
Email: tsikpa@ou.edu
Email: dan.weitman@ou.edu
Email: cbmoore@ou.edu

1

**Jury Trial Demanded X - Non-Jury Trial □**

1.   **BRIEF PRELIMINARY STATEMENT**.  State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

The Plaintiff asserts the following claims:

Plaintiff alleges that, after nearly two decades of service as a Lecturer in the University of Oklahoma School of Dance, she was subjected to sex discrimination, caregiver-based stereotyping, and retaliation. In light of the Court's order granting in part and denying in part Defendants' motion to dismiss, the case now proceeds on the following surviving claims only: (1) 42 U.S.C. § 1983 First Amendment retaliation against Bearden and Holt in their individual capacities; (2) 42 U.S.C. § 1983 Equal Protection sex discrimination against Bearden in his individual capacity; (3) Title VII sex discrimination against OU; and (4) Title IX sex discrimination and retaliation against OU. Plaintiff further contends that earlier allegations dismissed as untimely remain relevant as background and context for the timely claims.

The Defendants assert the following:

Defendants deny all claims of discrimination and retaliation and contend that employment decisions, including hiring, course assignments, office space, evaluations, and reappointment, were based on legitimate, non-discriminatory, and non-retaliatory reasons within protected academic and managerial discretion. Defendants assert immunities and defenses, including sovereign and qualified immunity, statutes of limitation and exhaustion, failure to state a claim, lack of causation and damages, failure to mitigate, and unavailability of punitive damages against the University.

2.   **JURISDICTION**.  State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

Jurisdiction is invoked under 28 U.S.C. §§ 1331 and 1343(a)(4) for federal questions, and venue is proper under 28 U.S.C. § 1391(b) because the events occurred in Norman, Oklahoma. Defendants do not contest jurisdiction or venue.

3.   **STIPULATED FACTS**.  List stipulations as to all facts that are not disputed, including jurisdictional facts.

1.     The Court has jurisdiction over the parties and claims.
2.     Venue is appropriate in this Court.

2

3.    All parties have been correctly designated.

4.    There is no question as to misjoinder or non-joinder.

4.    **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

a.    Plaintiff:

1.    Plaintiff contends that Defendants engaged in unlawful sex discrimination and retaliation through timely adverse actions, including reductions in teaching assignments and pay opportunities, office displacement, evaluation harm, and nonrenewal. Plaintiff seeks declaratory relief, reinstatement and/or front pay, back pay, lost supplemental compensation and benefits, compensatory damages, punitive damages as permitted on the § 1983 claims, attorneys' fees and costs, and such other relief as the Court deems just and proper.

b.    Defendant:

1.    As a constitutional body of the State of Oklahoma, the University is entitled to all immunities, protections, and limitations afforded by the Eleventh Amendment to the United States Constitution, the Oklahoma Governmental Tort Claims Act, and otherwise by virtue of its sovereignty.

2.    The individually named Defendants have qualified immunity from the Plaintiff's claims.

3.    All actions taken by the Defendants were for a legitimate business reason and were not in furtherance of any discrimination

4.    All actions taken by the Defendants were for legitimate business reasons and were not in retaliation of Plaintiff's exercise of any rights

5.    Plaintiff failed to avail herself of readily available and known complaint and investigation processes.

6.    Defendants reserve all defenses listed in the Answer as well as any defenses which may become known during the course of discovery

5.    **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.

Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

☐ Yes  X No

6.     **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

While neither party is seeking a protective order at this time, the parties reserve the right to file such in the future and have agreed to work cooperatively should either or both parties deem it necessary.

Plaintiff anticipates that it may file its own summary judgment or partial summary judgment motion (or, more likely, a cross-summary judgment motion should Defendants file their own). Beyond this, Plaintiff cannot forecast whether or what motion(s) it may later come to decide it needs to file, such as, e.g., possible motions to compel or *in limine*.

Defendants anticipate filing a motion for summary judgment with accompanying briefs, seeking the dismissal of Plaintiff's claims and/or causes of action. The motion will be filed prior to the deadline for dispositive motions set forth in the Scheduling Order entered by the Court.

7.     **COMPLIANCE WITH RULE 26(a)(1)**.  Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?  □ Yes    X No
If "no," by what date will they be made? <u>April 13, 2026</u>

8.     **PLAN FOR DISCOVERY**.

A.     The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on March 18, 2026.

B.     The parties anticipate that discovery should be completed within <u>12</u> months.

C.     In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? <u>8 months</u>

D.     Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

X Yes □ No

E.      Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

X Yes □ No

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

The parties will confer and submit any agreements along with their motion for a protective order should they deem it necessary.

F.      Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

_____

9.      **ESTIMATED TRIAL TIME**:  3-4 days

10.     **BIFURCATION REQUESTED**:        □ Yes  X No

11.     **POSSIBILITY OF SETTLEMENT**:    □ Good        X Fair        □ Poor

12.     **SETTLEMENT AND ADR PROCEDURES**:

A.      Compliance with LCvR 16.1(a)(1) - ADR discussion:  X Yes    □ No

B.      The parties request that this case be referred to the following ADR process:

□ Court-Ordered Mediation subject to LCvR 16.3
X Judicial Settlement Conference
□ Other _____
□ None - the parties do not request ADR at this time.

13.     Parties consent to trial by Magistrate Judge?   □ Yes    X No

14.     Type of Scheduling Order Requested.  X Standard  -  □ Specialized  (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

**RESPECTFULLY SUBMITTED ON THIS 18th DAY OF MARCH 2026.**

s/ Richard C. Labarthe
*(signed by filing counsel with permission)*
Richard C. Labarthe, OBA # 11393
Alexey V. Tarasov, OBA # 32926
LABARTHE & TARASOV
12632 Val Verde Drive
Oklahoma City, OK 73142
(405) 760-3323; Fax: (405) 843-9685
richard@labarthelaw.com; alexey@tarasovlaw.com
***Attorneys for Plaintiff***


s/ Tina S. Ikpa
M. Daniel Weitman, OBA # 17412
Tina S. Ikpa, OBA #32193
C.B. Moore, OBA # 31653
Office of Legal Counsel
UNIVERSITY OF OKLAHOMA
660 Parrington Oval, Suite 213
Norman, Oklahoma 73019
Telephone: (405) 325-4124
Facsimile: (405) 325-7681
Email: dan.weitman@ou.edu
Email: tsikpa@ou.edu
Email: cbmoore@ou.edu
***Attorneys for Defendants***